**FILED**
**Jun 24, 2021**
**09:09 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT KNOXVILLE**

| | | |
|---|---|---|
| JACK T. HUFFAKER,<br>　　　　　Employee, | )<br>) | Docket No. 2017-03-1196 |
| v. | ) | |
| CAC OF KNOX COUNTY,<br>　　　　　Employer, | )<br>) | State File No. 13120-2016 |
| And | ) | |
| TENNESSEE MUNICIPAL LEAGUE<br>RISK MANAGEMENT – THE POOL,<br>　　　　　Carrier. | )<br>)<br>) | Judge Lisa A. Lowe |

---

**COMPENSATION ORDER**

---

　　This case came before the Court for a Compensation Hearing on June 22, 2021. The parties agree Mr. Huffaker sustained a work-related left ankle injury, for which he is entitled to benefits. However, the disputed issues are whether Mr. Huffaker's alleged knee, back, elbow, and shoulder conditions arose primarily out of and in the course and scope of his employment, and whether he is entitled to benefits for those conditions.

　　For the reasons set forth below, the Court finds that Mr. Huffaker established entitlement to medical and permanent partial disability (PPD) benefits for his ankle injury but failed to prove by a preponderance of the evidence that he is entitled to benefits for his knee, back, elbows, and shoulders

**History of Claim**

　　Mr. Huffaker drove a transport bus for CAC, and he fell while exiting his bus. He was 60 years old at the time. After initial treatment failed to reduce Mr. Huffaker's persistent left-ankle swelling, he began treating with orthopedist and foot specialist Dr. Mary Testerman. Dr. Testerman treated him conservatively from June to November 2016, then placed him at maximum medical improvement on November 8, 2016. She released him with permanent restrictions and an impairment rating of three percent. Mr. Huffaker did not return to work with CAC or any employer.

Mr. Huffaker filed a Petition for Benefit Determination seeking treatment for his knee, back, elbows and shoulders. Following an Expedited Hearing, the Court held that he presented sufficient evidence to entitle him to a panel of physicians for evaluation and treatment of any work-related back or knee injury but not for his elbows or shoulders. CAC then provided two panels of orthopedic physicians, and Mr. Huffaker selected Dr. Michael Casey for his knee and Dr. Colin Booth for his back.

Dr. Casey evaluated Mr. Huffaker and noted:

> I do not feel that over two years later that this is truly an event from his fall. My diagnosis today is more patellofemoral pain with some early patellofemoral wear. I see no other evidence of internal derangement. I do not feel that this is directly related to his workers' compensation injury back in February 2016.

As for the back, Dr. Booth stated, "the patient's issues are due to degenerative disc disease, which is long standing. His injury may have aggravated these symptoms but at two years out, I cannot say his current symptoms are due to any work injury."

After receiving these opinions, Mr. Huffaker filed another Petition for Benefit Determination requesting MRIs of his knee, back, elbows, shoulders, and neck, as well as a second opinion for his ankle complaints.

The Court issued a second Expedited Hearing Order holding that CAC was not obligated to provide the requested MRIs or a second opinion. Ultimately, Mr. Huffaker obtained MRIs on his own, but he did not provide a medical opinion interpreting them or relating the findings to his work injury.[1] He acknowledged on cross-examination that no physician has ever informed him that his alleged knee, back, elbow, or shoulder complaints are work-related.

Mr. Huffaker argued that he did not have a choice of physicians on the original panel because CAC made the selection and just directed him to sign the panel. He testified that he sustained injuries to parts of his body other than his ankle when he fell, but CAC ignored them. He also took issue with Dr. Testerman's treatment of his ankle injury.

CAC argued that it has provided Mr. Huffaker with the treatment he is entitled to under the law and that he accepted such treatment at the time.

---

[1] Mr. Huffaker wanted to introduce the MRI reports into evidence; however, he did not file an Exhibit List 10 days before the hearing as required by the Court's Scheduling Order. Since he did not identify the MRI reports as exhibits on an Exhibit List, the Court denied his request.

**Findings of Fact and Conclusions of Law**

Mr. Huffaker has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At a compensation hearing, he must establish by a preponderance of the evidence that he is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

The parties agree that Mr. Huffaker sustained a work-related left ankle injury for which he is entitled to benefits. However, he also claimed injuries and a need for treatment for his knee, back, elbows, and shoulders.

To prove entitlement to this additional treatment, Mr. Huffaker must show that these alleged injuries arose primarily out of and in the course and scope of his employment. This includes the requirement that he must show "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14) (2020).

Mr. Huffaker did not provide any medical opinion relating his knee, back, elbows or shoulders to his work injury. The only medical opinions regarding the knee and back are those of Drs. Casey and Booth, and neither related Mr. Huffaker's symptoms or need for treatment to the work injury. Although the Court is aware of Mr. Huffaker's sincerely held belief that his current conditions and need for treatment arose primarily out of his work injury, his lay opinion alone is legally insufficient to establish the essential element of medical causation. "Parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments. *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16 (Feb. 14, 2018). Thus, the Court holds that Mr. Huffaker failed to establish by a preponderance of the evidence that he is entitled to treatment or permanent disability benefits for his knee, back, elbows or shoulders.

Regarding Mr. Huffaker's undisputed ankle injury, Dr. Testerman gave him a three percent impairment. Thus, his original award is 13.5 weeks of benefits, or $4,511.84, and his initial compensation period expired on February 13, 2017. *See* Tenn. Code Ann. § 50-6-207(3)(A). If an employee is unable to return to work with any employer or returns to work at less than his/her pre-injury pay, that employee may be entitled to increased benefits. *See* Tenn. Code Ann. § 50-6-207(3)(B). Here, Mr. Huffaker was unable to return to work and was older than 40 at the time of his injury, so he is entitled to $2,797.34 in increased benefits for a total of $7,309.17. He is also entitled to medical benefits for his ankle injury with Dr. Testerman as his authorized physician.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Huffaker is entitled to ongoing reasonable, necessary, and related medical treatment for his ankle injury with Dr. Testerman as required by Tennessee Code Annotated section 50-6-204.

2. Under Tennessee Code Annotated section 50-6-207(3), Mr. Huffaker is entitled to 450 weeks times his impairment rating, which equates to $4,511.84 in permanent partial disability benefits and an additional $2,797.34 in increased benefits. His total permanent partial disability award is $7,309.17.

3. After a Compensation Hearing Order entered by a Workers' Compensation Judge has become final under Tennessee Code Annotated section 50-6-239(c)(7), compliance with this Order must occur in accordance with Tennessee Code Annotated section 50-6-239(c)(9). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the fifth business day after this Order becomes final or all appeals are exhausted. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. CAC of Knox County shall pay the $150.00 filing fee under Court of Workers' Compensation Claims and Alternative Dispute Resolution 0800-02-21-.06 (2019) directly to the Court Clerk within five business days of the date of this order, for which execution may issue if necessary.

5. CAC of Knox County shall file a Statistical Data Form (SD-2) within ten business days of entry of this order.

6. Absent an appeal, this Order shall become final thirty calendar days after entry.

**ENTERED on June 24, 2021.**

_Lisa A. Lowe_
**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:

1. Wage Statement, Form C-41
2. Petition for Benefit Determination, filed October 10, 2017
3. First Report of Work Injury, Form C-20
4. Daily Vehicle Checklist
5. Panel of Physicians, Form C-42, selection date of February 19, 2016
6. Medical Record of Dr. Chris Testerman
7. Panel of Physicians, Form C-42, selection date of August 30, 2018
8. Panel of Physicians, Form C-42, selection date of August 30, 2018
9. Medical Record of Dr. Michael Casey
10. Medical Record of Dr. Colin Booth
11. MRI reports (marked for identification purposes only)

Technical record:

1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Order Granting Employee's Motion for Extension of Time
4) Order Granting Employee's Second Motion for Extension of Time
5) Expedited Hearing Order Granting Medical Benefits
6) Docketing Notice for on-the-Record Determination
7) Order Granting Extension
8) Expedited Hearing Order Denying Benefits – Decision on the Record
9) Order Scheduling Mediation
10) Dispute Certification Notice
11) Scheduling Order
12) Employee's Notice of Filing of Medical Records
13) Notice of Appearance
14) Order Amending Scheduling Order
15) Scheduling Order
16) Order Cancelling In-Person Compensation Hearing and Setting Status Conference
17) Order Setting Compensation Hearing
18) Statement of Jack Huffaker, filed August 16, 2020
19) Statement of Jack Huffaker, filed August 20, 2020
20) Statement of Jack Huffaker, filed September 24, 2020
21) Statement of Jack Huffaker, filed November 2, 2020
22) Statement of Jack Huffaker, filed November 10, 2020
23) Order Denying Motion to Extend Discovery Deadlines

24) Order Granting Motion to Withdraw
25) Order Setting Deadline and Scheduling Hearing
26) Scheduling Order
27) Motion for Discovery
28) Employer's Response to Motion for Discovery
29) Order Denying Extension for Discovery
30) Employer's Pre-Compensation Hearing Statement
31) Employer's Witness List
32) Employer's Exhibit list

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on June 24, 2021.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Jack Huffaker, Self-Represented Employee | X | X | 516 Kay Drive Strawberry Plains, TN 37871 pappytofour@gmail.com |
| Hanson R. Tipton, Employer's Attorney | | X | htipton@watsonroach.com |

_Penny Shrum_

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

6



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s) (Requesting Party):** _____     ☐ Employer ☐ Employee

Address: _____     Phone: _____

Email: _____

Attorney's Name: _____     BPR#: _____

Attorney's Email: _____     Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries $ _____ per month    Telephone $ _____ per month

Electricity $ _____ per month    School Supplies $ _____ per month

Water $ _____ per month    Clothing $ _____ per month

Gas $ _____ per month    Child Care $ _____ per month

Transportation $ _____ per month    Child Support $ _____ per month

Car $_____ per month

Other $ _____ per month (describe: _____ )

10. Assets:

Automobile $ _____ (FMV) _____

Checking/Savings Acct. $ _____

House $ _____ (FMV) _____

Other $ _____ Describe: _____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____